UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SANTIAGO VALDEZ, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:09-cv-1323-SEB-TAB |
| ) | |
| MONTANA SUPREME COURT, et al., ) | |
| ) | |
| Respondents. ) | |

**Entry Discussing Motion for Return of Property**

This action for habeas corpus relief was dismissed without prejudice based on the petitioner's failure to prosecute. The disposition was, in turn, based on the petitioner's failure to proceed as directed in the Entry of November 9, 2009. Judgment was entered on the docket on December 2, 2009.

On June 6, 2011, the petitioner's motion to return property was filed. This motion [29] is ostensibly filed pursuant to Rule 41(e) of the *Federal Rules of Criminal Procedure*,[1] but is **denied** because the circumstances supporting such a motion are not present in or relating to the above action. Rule 41(g) provides in pertinent part: "A person aggrieved by an unlawful search and seizure of property *or by the deprivation of property* may move for the property's return." To prevail on a Rule 41(g) motion for the return of property, the moving party "must demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended." *Ferreira v. United States,* 354 F.Supp.2d 406, 409 (S.D.N.Y. 2005) (*quoting United States v. Van Cauwenberghe,* 827 F.2d 424, 433 (9th Cir. 1987)). If there is a criminal action in this District in which the petitioner's property has been seized, an appropriate effort to secure the return of that property may be pursued. Even if such circumstances existed, moreover, this action is closed and Circuit precedent requires that a Rule 41(g) motion filed after the criminal action is closed be treated as a new civil action so as not to circumvent provisions of the Prison Litigation Reform Act of 1995. *See United States v. Norwood,* 602 F.3d 830 (7th Cir. 2010); *United States v. White*, 582 F.3d 787, 806 n.3 (7th Cir. 2009); *Chairez v. United States*, 355 F.3d 1099, 1100 (7th Cir. 2004); *United States v. Howell*, 354 F.3d 693, 695 (7th Cir. 2004).

---

[1] Effective December 1, 2002, Fed.R.Crim.P. 41 was amended and reorganized. What was formerly Rule 41(e) is now set forth in Rule 41(g) with minor stylistic changes. The current Rule is cited in this Entry.

    Although in most circumstances the court would order the motion processed as a new civil action, it will not do so in this case because of the complete absence of any claim or feature of this action which could be associated with a Rule 41(g) motion. The motion itself [29], as noted, is **denied.**

    **IT IS SO ORDERED.**

Date: 06/13/2011

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Santiago Valdez
09744-046
Marianna FCI
Inmate Mail Parcels
P. O. Box 7007
Marianna, FL 32447-7007